LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07724 GAF (JEMx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | Carol Kocher v. Quest Diagnostics Clinical Laboratories Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers)

### ORDER TO SHOW CAUSE

On September 5, 2013, Plaintiff Carol Kocher ("Plaintiff") filed suit in Los Angeles County Superior Court against Quest Diagnostics Clinical Laboratories, Inc. ("Defendant"), and Does 1-50. Specifically, causes of action for: (1) retaliation, harassment, and failure to promote in violation of Labor Code §§ 1102.5 and 2856; (2) disability discrimination, failure to accommodate disability, and failure to engage in interactive process regarding disability, all in violation of the Fair Employment and Housing Act ("FEHA"); (3) retaliation in violation of the California Family Rights Act ("CFRA"); and (4) intentional infliction of emotional distress. (Docket No. 1, [Not. of Removal ("Not.")] Ex. A at 1.)

On October 18, 2013, Defendant removed the case to federal court, asserting that jurisdiction is appropriate in this case pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a)(2). However, the Notice of Removal merely states that "Plaintiff is, and all times mentioned in the Complaint was, a resident in Los Angeles County, California." (Not. ¶ 10.) As explained in greater detail below, Defendant has failed to properly aver that jurisdiction is proper in the present action. Accordingly, Defendant is hereby **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07724 GAF (JEMx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | Carol Kocher v. Quest Diagnostics Clinical Laboratories Inc et al | | |

Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). Allegations of residence are insufficient to establish jurisdiction. Instead, citizenship is determined by a person's domicile—"[his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857–58 (9th Cir. 2001).

Here, the Court cannot determine whether it has subject matter jurisdiction over this action because Defendant has failed to adequately plead the citizenship of Plaintiff. Defendant states that Plaintiff is a resident of California and "[t]hus, Plaintiff was and is a citizen of the State of California." (Not. ¶ 10.) However, contrary to Defendant's implication, citizenship does not follow merely from residency. Defendant must allege the state of Plaintiff's domicile. See Kanter, 265 F.3d at 857-58. Without this information, the Court cannot assess whether diversity jurisdiction exists in this case.

For the foregoing reasons, the Court cannot determine whether it has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). As such, Defendant is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction **by close of business November 7, 2013. Failure to respond will be deemed consent to remand of the action**.

**IT IS SO ORDERED.**